IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| JAMES O'REILLY, ALEXANDER ZAISS, NICHOLAS NOVAK, HANS HOWELL, JOSHUA ANGELCHIK, and RYAN J. SMITH, § § § § § § Plaintiffs, § § v. § § CAE INTEGRATED, LLC, and § RYAN F. JACOB, § § Defendants. § | CIVIL ACTION NO. 1:21-CV-348-DAE |

### PLAINTIFFS' THIRD AMENDED COMPLAINT AND JURY DEMAND[1]

COME NOW, Plaintiffs James O'Reilly, Alexander Zaiss, Nicholas Novak, Hans Howell, Joshua Angelchik, and Ryan J. Smith, bringing claims against Defendant CAE Integrated, LLC for breach of contract and related claims, and against Defendants CAE Integrated, LLC and Ryan F. Jacob for violations of the Fair Labor Standards Act ("FLSA"). Plaintiffs make the following allegations and statements to support their claims:

### I. JURISDICTION AND VENUE

1. Venue is proper in Travis County, Texas, as the substantial majority of acts and omissions giving rise to this lawsuit's claims took place in Travis County. The damages and

---

[1] This pleading is styled "Plaintiffs' Third Amended Complaint." Plaintiffs' Original Petition and First Amended Petition were filed in a Texas state district court, prior to Defendants removing this case to the United States District Court for the Western District of Texas. After removal, Plaintiffs amended their lawsuit for the first time in a pleading styled "Plaintiffs' Second Amended Complaint," which, for newly-added plaintiff Smith, served as his original complaint. Plaintiffs' Third Amended Complaint is being filed in response to Defendants' FRCP 12(b)(6) Partial Motion to Dismiss With Prejudice, pursuant to Plaintiffs' right to amend under FRCP 15(a)(1)(B). Defendants will be obligated to answer Plaintiffs' Third Amended Complaint to answer Smith's newly-added claims.

issues claimed are within the jurisdictional limits of this Court. This Court has personal and subject matter jurisdiction over the parties to this suit. This Court has federal question jurisdiction over this suit pursuant to 28 U.S.C. § 1331, given Plaintiffs' claims under the Fair Labor Standards Act.

## II. FAIR LABOR STANDARDS ACT JURISDICTION AND COVERAGE ISSUES

2. Pursuant to 29 U.S.C. 216(b), an action to recover unpaid wages and other damages under the Fair Labor Standards Act may be maintained against any employer in any state or federal court of competent jurisdiction.

3. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs, pursuant to the FLSA.

4. At all times hereinafter mentioned, Defendants have both been an "employer" within the meaning set out in Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

5. At all times hereinafter mentioned, Defendant CAE Integrated, LLC has been an enterprise within the meaning set out in Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

6. At all times hereinafter mentioned, Defendant CAE Integrated, LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, dealing in, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes).

7.  At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

8.  Plaintiffs, in their position as "traders," were not exempt from the overtime provisions of the FLSA, and are therefore covered by the overtime provisions of the FLSA.

### III.  PARTIES

9.  Plaintiff O'Reilly is an individual resident of the State of Texas.

10. Plaintiff Zaiss is an individual resident of the State of California.

11. Plaintiff Novak is an individual resident of the State of California.

12. Plaintiff Howell is an individual resident of the State of New York.

13. Plaintiff Angelchik is an individual resident of the State of Minnesota.

14. Plaintiff Smith is an individual resident of the State of California.

15. Defendant CAE Integrated, LLC ("CAE" herein) is a Texas-formed limited liability company, which publicly goes by the name Capital Asset Exchange & Trading Company. CAE has already answered this suit through counsel as to all plaintiffs other than Plaintiff Smith. For purposes of Plaintiff Smith's claims, CAE may be served with summons by serving its registered agent as follows: VCorp Services, LLC, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

16. Defendant Ryan F. Jacob is an individual resident of Travis County, Texas. Defendant Jacob has already answered this suit through counsel as to all plaintiffs other than Plaintiff Smith. As to Plaintiff Smith's claims, Defendant Jacob may be served with citation at 3300 Greenlee Drive, Austin, Texas 78703.

### IV. BACKGROUND FACTUAL ALLEGATIONS

17. All Plaintiffs worked as "traders" for CAE. CAE describes itself as a global trader in semiconductor equipment and commodities. Generally speaking, the company acts as a broker between suppliers and end-user semiconductor companies for the purchase and delivery of semiconductor equipment.

18. The individuals in the position of a "trader" at CAE – a job title created and endorsed by CAE – including Plaintiffs, worked to match a potential buyer of semiconductor equipment with a potential seller. The semiconductor equipment needs of a buyer are already known to the buyer, and the traders do not act as advisors or technical specialists to the buyers as to their equipment needs. CAE's traders are merely connecting a sophisticated buyer that already knows its equipment needs with a seller who has the needed equipment to sell.

19. CAE would then typically create a margin between the selling price and the purchase price, that CAE would retain as company revenue. Plaintiffs would typically spend an enormous amount of hours each week making calls and emails to potential buyers and sellers from the confines of their work or home offices. A large majority of these emails and calls were outbound cold calls and unsolicited emails from an inside sales position – and were made from either the CAE office in downtown Austin, or from their home offices during the recent pandemic.

20. As of the date of filing of this amended petition, CAE requires no certifications or other special educational requirements for candidates for a "trader" position, other than any form of Bachelor's degree from an accredited institution.

21. O'Reilly worked as a trader for CAE from approximately January 2018 to December 2020.

22. Zaiss worked as a trader for CAE from approximately January 2017 to December 2020.

23. Angelchik worked as a trader for CAE from approximately November 2018 to December 2019.

24. Novak worked as a trader for CAE from approximately June 2019 to September 2020.

25. Howell worked as a trader for CAE from approximately June 2019 to June 2020.

26. Smith worked as a trader for CAE from approximately September 2016 to June 2021.

27. All six traders were subject to a commission plan[3] that guaranteed each trader sales commissions based on the amount of sales obtained by the trader in each month. Generally, the traders were entitled to a monthly-calculated and paid sales commission rate of 15% at $30,000 of sales, 18% at $50,000 of sales, and 20% at $75,000 of sales. The traders were supposed to be paid 50% of the commissions upon sale, and the other 50% upon delivery of the equipment to the end-purchaser. Actual delivery of the equipment from the seller to the buyer was coordinated by the Settlement Department at CAE, not the traders.

28. CAE had no formal written commission plan, and instead communicated the commission plan verbally to the traders at around the time of hire and throughout their employments. The traders then worked in reliance on the representations made by CAE concerning the commission plan. The plan acted as a unilateral offer that the traders accepted through performance.

29. Furthermore, CAE issued to each Plaintiff a set of "rules" that identified the timing and manner by which traders could engage certain prospects to avoid overlapping or conflicting activity between traders. The "rules" also set out when a trader would be entitled to the commission for a certain prospect generated by the trader. In around February or March 2020, Plaintiff Novak sourced a piece of equipment (an ADE 9500 UltraGage) from a supplier. Pursuant to the "rules," Novak had a 7-day period in which he retained exclusivity rights to the

---

[3] CAE refers to these commissions as "bonuses," but in form and function they are commissions.

sourced equipment. However, after only 2 or 3 days, CAE manager David Ruiz took the deal and gave it to employee Nick Borris, even though Novak had clearly and undeniably sourced it. Ruiz did so because he received compensation based, in part, on Borris's sales. The deal, which generated a sales spread for CAE of around $40K-$50K, was literally stolen from Novak, in contravention of the "rules" set out by CAE. Novak is entitled to credit for the sale and the resulting commission.

30. CAE has failed to pay each Plaintiff all commissions owed to them for their performance.

31. While the exact amounts owed will be subject to discovery and are subject to modification, including discovery of each trader's bonus run reports, the Plaintiffs believe they are each owed the following approximate estimated unpaid commissions, which will be developed with greater precision through discovery in the case:

   a. O'Reilly: $200,000;

   b. Zaiss: $150,000;

   c. Novak: $100,000;

   d. Howell: $30,000;

   e. Angelchik: $30,000; and

   f. Smith: $203,000, as well as $30,000 of unreimbursed expenses;

32. In the past three years, all Plaintiffs worked in one or more workweeks in excess of 40 hours. However, in such workweeks in which a Plaintiff worked in excess of 40 hours, Defendants failed to compensate such Plaintiff at an hourly rate of time-and-one-half their regular rate for all such overtime hours, as required by the Fair Labor Standards Act. Defendants knew that Plaintiffs were regularly working over 40 hours per week and in fact strongly encouraged them to do so, using often colorful and forceful language in doing so.

33. Plaintiffs, in their position of "traders," were not exempt from the overtime provisions of the Fair Labor Standards Act.

34. Defendants' violations of the Fair Labor Standards Act were willful.

35. Defendant Jacob has a significant ownership interest in Defendant CAE.

36. Defendant Jacob exercised day-to-day control of CAE's operations during Plaintiffs' employments.

37. During Plaintiffs' employments with CAE, Defendant Jacob was involved in the supervision and payment of Plaintiffs and CAE's other employees.

38. CAE has a written policy of reimbursing its employees for their business expenses incurred in the performance of their duties with CAE. That policy is located in CAE's employee handbook. CAE has failed to reimburse Smith for all of the business expenses that he incurred working for CAE.

## V.  CAUSES OF ACTION

### Cause of Action 1: Breach of Contract

39. Incorporating the facts alleged above, Plaintiffs allege that Defendant CAE breached its contract with Plaintiffs by failing to pay all commission earned by Plaintiffs through their performance, thereby causing Plaintiffs damages. Plaintiffs seek the amount of unpaid commissions due, as well as any consequential or special damages, pre- and post-judgment interest, attorney fees, and costs. Smith claims the same with respect to his unreimbursed expenses.

### Causes of Action 2: Unjust Enrichment, Quantum Meruit, Money Had & Received

40. In the event that the Court finds that there is no contract between the parties, Plaintiffs contend that Defendant CAE would be unjustly enriched by allowing CAE to retain the

commissions earned through the sales efforts of the traders executed in reliance on CAE's representations concerning commissions. Plaintiffs seek the amount of unpaid commissions due, as well as any consequential or special damages, pre- and post-judgment interest, attorney fees, and costs. In addition to and in the alternative, Plaintiffs claim the commission amounts in *quantum meruit*. In addition to and in the alternative, Plaintiffs claim that commissions earned but not paid constitute money had and received. In the event that there is no enforceable contract that requires CAE to reimburse Plaintiff Smith for out-of-pocket expenses that Smith personally incurred in performing his work for CAE, Smith alleges that Defendant CAE would be unjustly enriched if CAE received the benefit of those business expenses personally incurred by Smith without reimbursing him for those business expenses. Smith further claims such unreimbursed amounts in *quantum meruit*.

### Cause of Action 3: Promissory Estoppel

41.     Furthermore and in the alternative, Defendant CAE should be promissorily estopped from retaining Plaintiffs' commissions. CAE issued a promise to Plaintiffs, and it was reasonably foreseeable that Plaintiffs would rely on the promise to perform to earn their commissions. Plaintiffs ultimately substantially relied on the promise to their detriment, completing or substantially completing sales that entitled them to the commissions claimed in this lawsuit. The commission agreement was a unilateral offer that Plaintiffs accepted by performance. Therefore, they are rightfully entitled to the commissions that they earned from their sales work in reliance on that promise. Smith claims the same with respect to his unreimbursed business expenses, given that CAE retained the benefit of those business expenses personally incurred by Smith.

### Cause of Action 4: Overtime Violations under the Fair Labor Standards Act

42.     During the relevant period of three years prior to the filing of this amended petition, Defendants violated Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing these employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, where such employees worked in multiple workweeks for more than 40 hours in each such workweek, without CAE compensating such employees for all of their compensable work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiffs in compliance with the FLSA. Plaintiffs are entitled to their unpaid overtime wages, liquidated damages in an amount equal to such unpaid overtime wages, attorney fees, court costs, and pre- and post-judgment interest.

## VI.  ADDITIONAL LEGAL CONTENTIONS

43.     To the extent that CAE claims that it had a right to retain any or all of Plaintiffs' commissions as a penalty for ancillary or future performance issues, such a claim would constitute an unconscionable contract.

44.     To the extent that CAE claims that a commission was not earned by a trader, such Plaintiff would contend that he engaged in substantial performance under the commission plan as to such sale, prior to any purported changes in the commission plan. Such Plaintiff would further contend that the commission plan was a unilateral offer that was accepted by such Plaintiff's performance with each sale.

45.     To the extent that CAE withheld any commissions from Plaintiffs' payroll, or performed any deductions to Plaintiffs' payroll, Plaintiffs would contend that such deductions were not legally authorized absent their signed written agreement to such deductions, pursuant to Texas Labor Code § 61.018.

46. To the extent that CAE withheld commissions based on a condition precedent unrelated to a Plaintiff's performance, such condition precedent is not a material condition to such Plaintiff's right to such commissions otherwise earned.

## VII. JURY DEMAND

47. Plaintiffs continue to demand a jury on all issues triable by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that the Court:

    a. assume jurisdiction of this cause and cite Defendants to appear as to Smith's new claims;

    b. award Plaintiffs all damages requested above, including economic, consequential, and compensatory damages as allowed by law, as well as liquidated damages under the FLSA, and attorney fees;

    c. find that Defendants' violations of the FLSA were willful, entitling each Plaintiff to unpaid overtime wages for up to three years before the date of filing of this petition;

    d. award Plaintiffs costs, and expert witness fees;

    e. award Plaintiffs pre- and post-judgment interest at the highest rates allowed; and

    f. award Plaintiffs any such other relief as the Court may find proper.

                                                Respectfully submitted,

/s/ Kerry O'Brien

**Kerry V. O'Brien**
Texas Bar No. 24038469
Board Certified in Labor & Employment Law by the TBLS



1011 Westlake Drive
Austin, Texas 78746

email: ko@obrienlawpc.com
phone: (512) 410-1960
fax: (512) 410-6171

**COUNSEL FOR PLAINTIFFS**